Ohio Bell Telephone Company (Ameritech) appeals from a decision of the common pleas court which affirmed a decision of the Board of Review contending unemployment compensation benefits should have been charged to the mutualized account, rather than to Ohio Bell's account for benefits paid to its former employee, Robin Dauer. For the reasons which follow, we reverse the decision of the trial court and direct the Ohio Bureau of Employment Services to charge the benefits payable to Robin Dauer for the 1995 benefit year to the mutualized account.
In 1993, in order to reduce the number of its employees without making layoffs, Ohio Bell and its union, the Communications Workers of America, negotiated a Supplemental Income Protection Program (S.I.P.P.), whereby Ohio Bell offered the opportunity to certain employees who could voluntarily agree to leave their jobs in exchange for a lump-sum payment and enhanced pension benefits upon reaching retirement age. Robin Dauer, a building technician, accepted the offer, and left her position at Ohio Bell in late 1993. Subsequently, on January 3, 1994, Robin Dauer filed an application for determination of unemployment benefits with the Ohio Bureau of Employment Services for the benefit year beginning January 2, 1994. On January 19, 1994, the Administrator of the Bureau determined Dauer had been separated from Ohio Bell due to a lack of work and allowed her claim for benefits. Ohio Bell did not request reconsideration. Dauer then received unemployment benefits for that year and they were charged to the mutualized account.
A year later, on January 3, 1995, Dauer again filed an application for determination of benefits for the benefit year beginning January 1, 1995. On January 20, 1995, the Bureau of Employment Services issued a determination granting benefits and assessing a charge to the Ohio Bell Telephone Company account. Ohio Bell requested reconsideration alleging that the benefits should have been charged to the mutualized account. Upon reconsideration, on February 3, 1995, the Administrator affirmed the Bureau's determination. Ohio Bell then appealed that decision to the Unemployment Compensation Board of Review. At a hearing held on April 13, 1995, Thomas Linton, counsel for Ohio Bell, testified that the benefits for the 1994 year had been charged to the mutualized account and urged that 1995 should be treated in a similar fashion. On April 25, 1995, the hearing officer affirmed the Administrator's reconsideration decision allocating the benefits for the 1995 year to the Ohio Bell account, stating that Dauer's separation was not disqualifying.
Ohio Bell then appealed to the common pleas court, and the court affirmed the decision of the Board finding it was proper and not unlawful, unreasonable, or against the manifest weight of the evidence. Ohio Bell now appeals this decision and raises the following assignment of error for our consideration:
 THE COURT OF COMMON PLEAS ERRED IN AFFIRMING THE DETERMINATION OF THE STATE OF OHIO UNEMPLOYMENT COMPENSATION BOARD OF REVIEW.
Ohio Bell contends the court erred in adopting the decision of the Board initially, because the Board's decision erroneously relies on a case which states that a court may not revisit the issue of eligibility for benefits in a subsequent benefit year after reaching an initial determination, whereas, in this case, Ohio Bell is seeking a determination that Dauer quit pursuant to a negotiated reduction in force, and therefore benefits for the 1995 benefit year should be charged to the mutualized account, as they had been for the 1994 year. Ohio Bell further argues that its failure to appeal from the determination for the 1994 benefit year has no affect on the present appeal because the Board properly charged the 1994 benefits to the mutualized account.
The Board maintains that Ohio Bell's failure to appeal from its determination in the 1994 benefit year precludes them from appealing the decision regarding the 1995 benefit year. The Board further maintains that case law precludes Ohio Bell from relitigating the issue in a subsequent benefit year.
The issue before us, then, is whether Ohio Bell's failure to appeal from the 1994 determination precludes them from appealing the 1995 determination, and whether case law precludes relitigation of the allocation of benefits to the mutualized account.
We note at the outset that R.C. 4141.29(D)(2)(a)(ii) removes the bar to collecting benefits after voluntarily quitting work provided the employee left work pursuant to a negotiated labor management plan and provides benefits for:
 Separation from employment pursuant to a labor-management contract or agreement, or pursuant to an established employer plan, program, or policy, which permits the employee, because of lack of work, to accept separation from employment * * *.
R.C. 4141.29(H) further provides that benefits in this instance are charged to the mutualized account, and states in relevant part:
 If a claimant is * * * found to be qualified under the exceptions provided in division (D)(2)(a)(i), (ii), (iii), or (iv) of this section * * * then benefits that may become payable to such claimant, which are chargeable to the account of the employer from whom the individual was separated under such conditions, shall be charged to the mutualized account * * *.
In reviewing the determination of the Board, R.C. 4141.28(O) provides:
 * * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision.
In this case, Linton testified before the Board that Dauer left her employment with Ohio Bell pursuant to the S.I.P.P. which Ohio Bell negotiated with the union. Linton further testified that Dauer's benefits for the year 1994 were charged to the mutualized account. In its brief before this court, the Board admits that it sent a monetary determination indicating that the charges for the 1994 application would be charged to the mutualized account. The record before us reveals the administrator of the Ohio Bureau of Employment Services found:
 The reason claimant became unemployed from his or her MOST RECENT employment was due to "lack of work" and the claim for the week ending 01/08/94, is: ALLOWED.
In this case, the Bureau's determination that Dauer became unemployed due to a lack of work is not inconsistent with a determination that she voluntarily left pursuant to the S.I.P.P. because of a lack of work, charging the benefits for 1994 to the mutualized account. Thus, Ohio Bell's failure to appeal from this determination is not inconsistent with its position that the benefits for the 1995 year should be charged to the mutualized account, and does not preclude Ohio Bell from appealing the 1995 decision. Accordingly, given the evidence before the Board, as well as the fact the Board admits that the 1994 benefits were charged to the mutualized account, the 1995 benefits should have been charged to the mutualized fund.
Accordingly, we reverse the decision of the common pleas court and direct the Bureau to charge Dauer's benefits for the 1995 benefit year to the mutualized account.
Reversed.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellees costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and JAMES D. SWEENEY, J., CONCUR
 _______________________________ PRESIDING JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a).